# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-13-350-W |
| | ) |
| H. A. RIOS, JR., Warden, | ) |
| Lawton Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, challenging a state district court's imposition of sanctions, including the suspended revocation of earned credits. Doc. 1. United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, and following careful examination of the petition, the undersigned recommends that it be dismissed on filing.[1]

---

[1] Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. See Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating,* 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

## I. Petitioner's stated history of his underlying conviction.

Petitioner states he was convicted in 1964 of second-degree rape after a former conviction of second-degree burglary in the District Court of Oklahoma County, Case No. 29664. Doc. 1, at 1.[2] He subsequently sought post-conviction relief "alleging that [he] was not certified to be tried as an adult like similarly situated and like aged females who were under the age of 18 years old." Doc. 1, at 3 (citing *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972));[3] *see Thomas v. Oklahoma*, 675 P.2d 1016, 1020 n.6 (Okla. Crim. App. 1984) (detailing the "rather complex" history of the legal proceedings surrounding Petitioner's felony convictions). Petitioner states he was granted relief in April 1980, and that his sentence was modified from fifteen to five years. Doc. 1, at 3.

Petitioner states he once again sought relief in this same case – he believes by a post-conviction application – in the "early 1980s." *Id.* There, he "challeng[ed the] court's jurisdiction to modify sentence that had been fully served and was void on its face . . . ." *Id.* Relief was denied on procedural grounds on this application as well as on a similar application and challenge "in the late 1990s or early 2000s." Doc. 1, at 4.

---

[2] Page citations to the petition are in sequential order and reflect this court's CMECF pagination.

[3] Unless otherwise indicated, quotations in this report are reproduced verbatim.

## II. Petitioner's stated history of the events leading to the state district court's imposition of sanctions.

Petitioner alleges that he "filed petition for writ of habeas corpus and/or retroactive adult certification hearing . . . in the district court of Oklahoma County on May 28, 2010." Doc. 1, at 5. According to the exhibits incorporated as part of his federal court petition, Petitioner filed his state district court petition in Case No. CF-1983-29664. Doc. 1, at Exs. A-E. Because the state district court failed to act on the petition, Petitioner sought and received relief through an October 2011 order from the Oklahoma Court of Criminal Appeals (OCCA) directing the state district court to act. Doc. 1, at 5, 11. The state district court then ordered the State of Oklahoma to respond to the petition. Doc. 1, at 5, 11, Ex. E. In that same order, the court found that "Petitioner seeks to challenge the legality of the conviction imposed in [Case No. CF-1983-29664]" and concluded that the petition would "be construed as an Application for Post-Conviction Relief." Doc. 1, Ex. E, at 1.

The state district court subsequently denied Petitioner's collateral attack on his conviction, finding that his claims had previously been raised and ruled on and that "consideration of the proposition of error is precluded by the doctrine of *res judicata* . . . ." Doc. 1, Ex. D, at 3. The state district court further found

"that Petitioner's application is frivolous, vexatious and without merit" and gave him thirty days to show cause why he should not be sanctioned. *Id.*

Petitioner filed his responsive "show cause pleading why the court should not impose sanctions on him." Doc. 1, at 11. Thereafter, in its Order Issuing Sanctions, the state district court detailed that response and found what it termed as "Petitioner's accusations" to be "unfounded, offensive, abusive or fraudulent." Doc. 1, Ex. C, at 2. Citing *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), the state district court noted numerous actions brought by Petitioner since 1977 "in reference to Petitioner's primary allegation that the District Court was without jurisdiction to confine him in a State Penitentiary because he was denied a hearing as required by law." *Id.* Citing *Thomas*, 675 P.2d at 1021, the court found as fact that "Petitioner is fully aware that in 1984 the [OCCA] specifically stated: '*Concerning the Lamb argument, we need only note that the appellant has been granted relief upon this contention and by the terms of his own agreement is estopped from further litigating the matter.*'" Doc. 1, Ex. C, at 3. The state district court concluded that "[d]espite the ruling by the [OCCA] the Petitioner continued to litigate the *Lamb* issue in pleadings styled in different ways and in different case numbers . . . ." *Id.*

4

Relying on statutory authority – Okla. Stat. tit. 57, § 566[4] – as well as on its inherent power to impose sanctions, the state district court imposed the following sanctions on Petitioner: (1) $750 in attorney fees, (2) $250 in court costs, (3) an order to the Oklahoma Department of Corrections (DOC) to revoke permission to have non-essential personal property for 180 days with 150 of those days suspended "so long as Petitioner ceases to pursue collateral remedy in the Oklahoma County District Court" and retaining the "discretion [to] impose all or part of the remaining days of the suspended portion of the sanction" if he did so, and (4) the suspended revocation by the DOC of 720 days of Petitioner's earned credits with the same discretion by the court to impose all or part of the sanction if Petitioner pursued another collateral review in Oklahoma County District Court. Doc. 1, Ex. C, at 4-5 (citing *Taylor v. Oklahoma*, 30 P.3d 1160, 1161 (Okla. Crim. App. 2001) (concluding that "the [OCCA] has made it clear that Courts have inherent powers to protect themselves from vexatious litigation and to sanction anyone who clogs the courts with frivolous filings").

---

[4] In *Parker v. Province*, 339 F. App'x 850, 852 (10th Cir. 2009), the Tenth Circuit interpreted this provision, acknowledging that "Oklahoma law allows the [state district] court to impose certain specified sanctions on inmates who file frivolous applications." (citing Okla. Stat. tit. 57, § 566 (C)). Included in the permissible sanctions is an order by the state district court directing the Oklahoma Department of Corrections to revoke up to 720 credits earned and accrued by the inmate. *Id.*; Okla. Stat. tit. 57, § 566(C)(3).

Petitioner appealed from the sanctions order and, on April 11, 2012, the OCCA found that the state district court (1) properly construed the habeas corpus petition as an application for post-conviction relief, (2) provided Petitioner with due process by giving him the opportunity to show cause as to why he should not be sanctioned for filing a frivolous pleading, and (3) did not abuse its discretion in imposing sanctions pursuant to Okla. Stat. tit. 57, § 566. Doc. 1, at 11, Ex. B.

### III. Petitioner's federal habeas claims.

Petitioner maintains his petition "is a challenge to execution of sentence where habeas was recharacterized as post-conviction and sanctions were imposed lengthening [his] sentence by loss of earned credit." Doc. 1, at 4. He seeks federal habeas relief under § 2241 – an order vacating "all punitive sanctions, fines, and costs," Doc. 1, at 30, – on nine, largely repetitive grounds.[5]

---

[5] (1) The state district court denied Petitioner's right to due process by re-characterizing his habeas corpus petition as an application for post-conviction relief. Doc. 1, at 5, 12-13.

(2) "Petition was denied a quick and speedy court appearance on his pro se Petition for Writ of Habeas Corpus and/or Retroactive Adult Certification Hearing." Doc. 1, at 14, 15-16.

(3) "Imposition of sanctions based upon 2006 amendment to Title 22 O.S. 2006 § 1088.1 would violate prohibition against ex post facto laws applied retroactively." Doc. 1, at 17, 18.

(continued...)

6

In sum, Petitioner generally contends that because his state habeas petition was deficient on jurisdictional and venue grounds, the state district court should have dismissed it and returned it to him rather than recharacterizing it as a post-conviction application. Doc. 1, at 11, 12, 13. He also claims that the state district court failed to give him (1) notice prior to the recharacterization, (2) a chance to dismiss the petition, or (3) the opportunity to reply to the State's briefing. Doc. 1, at 12. Petitioner further alleges "[t]he court may not rely upon

---

[5](...continued)

    (4)    "Petition was denied a quick and speedy court appearance on his pro se Petition for Writ of Habeas Corpus and/or Retroactive Adult Certification Hearing." Doc. 1, at 19, 20.

    (5)    "To Petitioner's allegation that court allowed his pleading to lie dormant for sixteen months unadjudicated, the court erred in finding that court was unaware of Petitioner's pleading until October 3, 2011, because it was not delivered to the court although it was pending on the district court docket." Doc. 1, at 21, 22.

    (6)    The state district court denied Petitioner's right to due process "by not returning the writ to him dismissed without prejudice." Doc. 1, at 23.

    (7)    "Recitation of void 2001 sanctions to enhance sanction punishment under subsequent sanctions is unconstitutional." Doc. 1, at 24, 25.

    (8)    "Justice delayed is justice denied." Doc. 1, at 26.

    (9)    "Criminal-history-facts findings relied on from 1977 to 2002 violate ex post facto provisions of US & OK Constitutions." *Id.*

any criminal history facts and criminal petitions to impose sanctions on Petitioner for conduct that occurred before the amendment to 57 O.S. § 566(A)(2) in 2002 which allowed court to impose sanctions . . . ." Doc. 1, at 16. He argues that the state district court improperly imposed sanctions on him in 2001. Doc. 1, at 25. Finally, Petitioner maintains that "[t]aking 700 days earned credit violates ex post facto clause" because he "has liberty interest to earned credit under law as it existed at time of his arrest" and that, at that time, there was "no limitation on when or how often a post-conviction application could be filed." Doc. 1, at 26.

IV. Analysis.

    A. **The sanctions imposed by the state court do not implicate a liberty interest.**

Petitioner maintains this § 2241 habeas action is a challenge to the execution of his sentence because "sanctions were imposed lengthening [his] sentence by loss of earned credit." Doc. 1, at 4. "Habeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting 28 U.S.C. § 2241(c)(3)). In this regard, the State of Oklahoma "has created a liberty interest in earned credits and an

inmate is entitled to due process protection prior to the loss of those credits." *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993).

In this case, however, the state district court suspended its order to the DOC to revoke 720 of Petitioner's earned credits and made any future decision to impose that sanction wholly discretionary with the court. Doc. 1, Ex. C, at 5. Petitioner makes no claim that the state district court has, in fact, exercised its discretion to impose the suspended sanction. He has not lost any earned credits and, consequently, has not shown that the sanctions have implicated any liberty interest. Only those sanctions which "*inevitably* affect the duration of [Petitioner's] sentence" will be sufficient to create a liberty interest sufficient to invoke the procedural protections of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (emphasis added); *see also Davis v. Ward*, 92 F. App'x 634, 635 (10th Cir. 2004) (concluding that a punishment that was suspended "did not implicate any liberty interest").

B.  **Petitioner's due process rights were not violated.**

Assuming, however, that a suspended revocation of earned credits implicates a liberty interest requiring due process safeguards, Petitioner's allegations demonstrate that he was afforded due process. His petition and attached exhibits reveal that the action he initiated in state district court was clearly not his first challenge to his judgment and sentence in Case No. CF-1983-

9

29664. Doc. 1, at 3, 4, Ex. D. He acknowledges that the state district court allowed him to show cause why he should not be sanctioned for initiating a frivolous proceeding. Doc. 1, at 11. And, he does not suggest that the evidence relied on by the state district court was insufficient to establish that his collateral attack was frivolous – as barred by the doctrine of res judicata – thus justifying the imposition of sanctions under Okla. Stat. tit. 57, § 566. Thus, Petitioner has no claim that his due process rights were infringed in connection with the *sanctions'* proceedings. Moreover, he does not appear to make such a claim.

Instead, Petitioner argues that the state district court should not have recharacterized his habeas corpus petition as a post-conviction application and that the state district court violated his due process rights by not giving him notice and the opportunity to withdraw his petition. As the OCCA held, the state district court properly construed the habeas petition – despite the absence of venue – as a post-conviction application. Doc. 1, Ex. B, at 1. *See Stewart v. Oklahoma*, 989 P.2d 940, 942-43 (Okla. Crim. App. 1999), *overruled on other grounds by King v. Oklahoma*, 29 P.3d 1089 (Okla. Crim. App. 1999) (construction of a habeas corpus petition challenging a conviction or sentence is properly construed as a proceeding under the Post-Conviction Procedure Act).

Petitioner *intended* to collaterally attack his conviction through the habeas petition and the state district court only effectuated – in accordance with Oklahoma law – that intent. The court deemed Petitioner's action frivolous because it collaterally challenged his conviction on "[i]ssues which have already been raised and ruled on . . . ." Doc. 1, Ex. D, at 2. The label applied to that collateral challenge was of no consequence to the sanctions the court subsequently imposed, and the re-labeling of such challenge did not implicate a due process right to notice. Notice was required only after the state district court determined that the action was frivolous. Doc. 1, Ex. D, at 3. Petitioner acknowledges that the state district court gave that requisite notice and allowed him thirty days to show cause why he should not be sanctioned. Doc. 1, at 11.

### C. Petitioner's fair notice arguments fail.

Petitioner's suggestion that his due process rights were violated because the court imposed statutory sanctions based on his actions prior to the passage of that statute is unavailing. Petitioner states he was sanctioned pursuant to a statutory provision that became effective in 2002. Doc. 1, at 16. Thus, he had fair notice he could lose earned credits if he subsequently initiated what a court determined to be a frivolous or malicious action. *See* Okla. Stat. tit. 57, § 566. Here, the state district court found that Petitioner's collateral attack – filed some eight years after the statute became effective – was frivolous because it was

11

barred by the doctrine of res judicata. Doc. 1, at Ex. D. Under the statute, sanctions, including the revocation of earned credits, may be imposed "[i]f the court determines from the pleadings or the evidence that one or more of the causes of action are frivolous . . . , after [giving] notice to the inmate and an opportunity for the inmate to respond, without the need for an additional hearing . . . ." Okla. Stat. tit. 57, § 566(C).

### D. Relief not available under § 2241.

Finally, Petitioner's request for certain relief misconstrues the nature of § 2241. In his request, Petitioner asks the court to "vacate all punitive sanctions, fines, and costs . . . ." Doc. 1, at 30. To the extent Petitioner is referring to the ordered DOC-imposed property sanctions and to the fines which could implicate a protected property interest, "although a § 2241 attack on the execution of a sentence may challenge some matters . . . such as deprivation of good-time credits . . . this does not make § 2241 actions like 'conditions of confinement' lawsuits which are brought under civil rights laws.'" *McIntosh,* 115 F.3d at 811-12. Rather, "[a] habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.'" *Id.* at 812 (citation omitted).

Petitioner also asks the court to vacate his "sentence in CRF-81-1815 in which 83-29664 was used to impose sanctions[.]" Doc. 1, at 30. Nonetheless, any

12

challenge to the validity of a conviction and sentence is properly brought under 28 U.S.C. § 2254. *Id.* at 811 ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . .") (citations omitted).

V. **Recommendation and notice of right to object.**

For these alternative reasons, the undersigned recommends that the petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily denied.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 10, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address:

fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 20th day of June, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE